UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2012 FEB -9 P 12:42

US DISTRICT COURT
HARTFORD CT

Plaintiff
Lorenzo Osborne

Case No:

-V-

Dated: 2/2/12

Defendants

Officer Carlos Vasquez, Officer Jorge Lorregui
Officer Damien Czech, Officer Doda, and
Supervisor John Doe(s) (of officers)
E.M.T Robert Calzone
E.M.T Raymond Wambier

Complaint

1. Plaintiff Lorenzo Osborne brings this civil action authorized by (42 U.S.C. section 1983 1985 1986) to redress the deprivations under color of State Law of the United States Constitutional Fourth, Eighth, and Fourteenth Amendment Rights and Common Law Rights

2. This Court has jurisdiction under 28 U.S.C. section 1331 and 1343

3. This Court has supplemental jurisdiction over the Plaintiffs State Law Claims in accordance with 28 U.S.C. section 1367

Continue

## Venue

4. The District of Connecticut is an appropriate venue under 28 U.S.C. section 1391(b)(2) because it is where the events giving rise to this claim occured.

## Plaintiff

5. The Plaintiff Lorenzo Osborne is and was at all times in this complaint a resident of the State of Connecticut and over the age of 18. He is currently a prisoner of the State of Connecticut Department of Corrections and has been since August 29, 2009

## Defendants

6. Defendants Officer Carlos Vasquez, Officer Jorge Larregui, Officer Damien Czech, and Supervisors John Doe were at all times in this complaint uniformed and or plaincloth police officers employed by the City of Bridgeport. And Robert Calzone and Raymond Jamhier were at all times in this complaint employed by American Medical Response. The defendants are liable for causing the serious physical and emotional injuries against the plaintiff, and for violating his Constitutional and Common Law Rights

## Previous Lawsuits By Plaintiff

7. The Plaintiff has never filed a previous lawsuit

Continue

## Statement of Facts

8. Most of this incident is caught on video and audio by taser device. Plaintiff intended evidence

9. On August 29th, 2009 at approximately 4:36 pm the plaintiff and a friend were walking through the parking lot of a church between Logan and Hewitt Street, in Bridgeport Ct. When the plaintiff and friend were approached by two Bridgeport Police Officers (Vasquez and Larregui)

10. The two Bridgeport Police Officers Larregui and Vasquez drove past the plaintiff and friend. Made a uturn and drove up to the plaintiff and friend. Exited their vehicle and approached the plaintiff, they Officers Vasquez and Larregui began shouting commands to the plaintiff put your hands on the patrol car, the plaintiff promptly complied. Friend also complied to the officers command.

11. The plaintiff was searched by Officer Vasquez at which time a handgun was found in the plaintiffs pocket

continue

12. Officer Vasquez upon finding the handgun, immediately and without any provocation, or justifiable reason violently placed the plaintiff in a chokehold from behind. Which resulted in the plaintiff temporarily losing consciousness.

13. Shortly thereafter the plaintiff was awakened as a result of being viciously, and repeatedly punched in the face. Over thirty times through out the whole incident. the plaintiff was punched in the head and body by Officer Vasquez, all the while still being Choked from behind while on the ground.

14. At this point the plaintiff pleaded with Officer Vasquez like 2 seconds into the video saying "why are you hitting me". Officer Vasquez failed to stop punching, and refused this and Continued to beat and choke the plaintiff.

15. At some point during the assault by Officer Vasquez unto the plaintiff. Officer Vasquez began shouting "give him the gun" and "get on the ground," the plaintiff complied to his request. And got on the ground on his hands and knees, instead of just his knees, Afraid the officer punching and Choking the plaintiff would Continue. Or be shot by the two officers watching.

Continue

16. The plaintiff was unable to do anything else as a result of Officer Vasquez choking and assaulting him. The plaintiff began to drift into and out of consciousness from Officer Vasquez chokehold on the plaintiff.

17. The plaintiff was then tasered by Officer Larregui without "warning" 17 seconds after the taser device was turned on, while Officer Vasquez was still choking and punching the plaintiff while he's on the ground. A officer at the scene pleads to Officer Vasquez, 19 seconds into the video, saying "let him go", "let him go"! At one point in the assault, Officer Vasquez grabbed a large area of the plaintiffs hair, and ripped the hair out of the plaintiffs scalp.

18. Twenty seconds or so into the incident the plaintiff asks Officer Vasquez "why did you punch me"! A twenty three seconds into the incident Officer Larregui tasered the plaintiff a second time without warning, while the plaintiff is on the ground.

19. Officer Vasquez is still punching the plaintiff. Until twenty six seconds into the incident the plaintiff asks Officer Vasquez again "why did you punch me"!

Continue

20. Officer Larregui yells to one of the officers "get the fucking gun out of his pocket"! At some point in the incident the plaintiff felt one of the officers go in and out of his pocket. Thirty two seconds into the incident (video). Officer Larregui tasered the plaintiff a third time, without warning while the plaintiff is still on the ground.

21. The shock from being tasered repeatedly, along with Officer Vasquez punching and choking the plaintiff, while a third Officer go's in and out of the plaintiff pocket, cause the gun to scrape against the ground, falling out of the plaintiffs pocket cocked.

22. 33 seconds into the incident there's conversation other than the plaintiff. Two seconds later the gun discharges. Officer Larregui kicks the gun because after discharging it ends up on the ground.

23. Officer Larregui reacts in anger, swearing at the plaintiff, saying "roll over or you'll get fucking tasered", and tasered the plaintiff a fourth time without warning, "48" seconds into the video. While the plaintiff is on the ground, being restrained by Officers Vasquez and Csech.

Continue

24. Officer Vasquez was still assaulting the plaintiff while another Officer (Csech) was restraining the plaintiff. Then Officer Larregui tasered the plaintiff a fifth time, a 1:03 into the incident. While the plaintiff is restrained on the ground.

25. Officers continued to verbally abuse the plaintiff calling him a "crazyboy" about 4 minutes into the incident. There was a canine officer there, who was spitting all around where the plaintiff was sitting on the Ground. Plaintiff mentioned it to Officer Vasquez, who was standing next to the plaintiff. And he said "ah ah ah ah" he's not spitting on you its just raining, and all the Officers at the scene started laughing.

26. The plaintiff was helped up off the ground, by two Officers, not sure who. And walked to the ambulance gurney. During this time a fifth officer to the scene ripped the taser prongs out of the plaintiffs back, when he thought the plaintiff wasn't paying attention, while the two ambulance workers watched, Robert Calzone and Raymond Wamhier. Standing behind the plaintiff who is sitting on the gurney. Officer Doda is also standing with the two EMTs' behind the plaintiff.

continue

## Statement of Claim

27. Each defendant is being sued jointly and individually and in both their official and Individual capacities. At all times mentioned in the complaint each defendant acted under the color of Law as peace officers for the City of Bridgeport. And also the two employees for American Medical Response. At all relevant times in the complaint the defendants were persons for the purpose of (42 U.S.C. section 1983 1985 1986) to deprive the plaintiff of his 4th, 8th, and 14th Amendment Constitutional Rights of the United States and his Common Law State Rights.

28. As a result of the assault, removal of the taser prongs and Constitutional Rights violations against the plaintiff described in this complaint. He suffered severe painful physical and emotional injuries. He sustained multiple lacerations to his mouth, severe shock to his nervous system.

29. Multiple bruises and soft tissue injury over much of his face, body, and head. Hair was ripped out of his scalp. Severe scrapping to both knees, resulting in permanent scarring and head trauma (memory).

30. The totality of the assault, removal of the taser prongs, to hide who moved the prongs. Both E.M.T.s wrote a report stating the taser prongs were out prior to their arrival. Officer Dodd wrote a report, paramedics transported plaintiff to remove the prongs.

31. Also Officers Larregui, Vasquez and Csech have reports of the plaintiff being tasered 3 times. When in fact the plaintiff was tasered 5 times. Officers Larregui and Vasquez have reports of the plaintiff receiving facial trauma due to falling after being tasered. In fact the plaintiff received facial trauma, due to Officer Vasquez punches to the plaintiffs face. At no time did the plaintiff fall during the incident. So to falsify reports on these issues, between the officers and E.M.Ts, they both had a mutual understanding, to deprive the plaintiff and to conspire.

32. Plus the fact Officers Larregui, Vasquez, and Csech actions during the incident, and knowing the plaintiff had a fire-arm chose a tactic of assaulting, tase-ing, and going in the plaintiffs pocket, while the plaintiff was tasered on the ground, Officer Larregui yelling to the other officers to "get the fucking gun out of his pocket"! Supports that they (officers) knew the plaintiff had a fire arm before hand.

33. Resulting in Officer Larregui to hold the taser device while Officer Vasquez continued his assault on the plaintiff. While Officer Csech watched in frolic saying let him go, (19 seconds into incident-video)

34. The fire arm was discharged as a result of this tactic, putting the plaintiffs life in danger, from the shot and taser. So to hide and cover up these facts was deliberate & wanton.

35. All these issues have brought the plaintiff great anxiety, emotional distress, which results in the plaintiff suffering from Post Traumatic Stress Disorder. And numbness in both hands, as the result of being tasered on the ground restrained, in very serious pain. While officer used a racial slur of "crazyboy"! While another officer spits all along the ground where the plaintiff was sitting on the ground.

36. Through a slow recuperating memory the plaintiff remembers some of the incident, more so over the years. Mainly relying on the video that will never leave his mind... From being knocked unconscious this is very difficult. And is very distrubing and shocking to recall at anytime!

37. The plaintiff has no plain adequate or complete remedy at law to redress the wrongs described herein. The plaintiff has been and will continue to be physically and emotionally irreparably injured.

Continue

First Count

Defendants: Carlos Vasquez, Jorge Larreguiand Damien C Sech (42 U.S.C § 1983) Violations Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and the Common Laws of the State of Connecticut

The allegations contained in paragraphs 1 through 37 of this preliminary statement are hereby reincorporated and realleged as if fully restated herein as paragraphs 1 through 37 of the First Count.

38. The defendants violated the plaintiffs rights secured and protected by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, in one or more of the following ways

(A) In that they used a extremely high degree of force against the plaintiff that was completely unreasonable, unnecessary and unjustified, a level of force that was excessive under the circumstances, when they or should have known, that the same would cause the plaintiff to suffer serious physical and emotional injuries, and violate his U.S. Constitutional Rights.

continue

(B) In that one or more and/or all of the defendants, failed and refused to fulfill their legal and official duties as peace officers, to prevent intervene and stop the vicious assault and Constitutional violations, against the plaintiff, by one or more of the named defendants, when they knew or in the exercise of due care should have known that serious injuries would occur and be exacerbated.

## Second Count

Defendants: Officers-Carlos Vasquez, Jorge Larregui and Damien Czech
(Common Law Negligence)
(Assault and Assault and Battery)

The allegations contained in paragraph 1 through 37 of this preliminary statement are hereby reincorporated and realleged as if fully restated herein as paragraphs 1 through 37 of the Second Count

39. The defendants violated the plaintiffs Common Law Rights in one or more of the following ways:
(A) In that the defendants officers were negligent in conducting themselves in that they should have been aware of a substantial and unjustifiable risk that their conduct would violate the plaintiffs rights

(B) In that the defendant officers were reckless in conducting themselves in that they consciously disregarded, a substantial and unjustifiable rise that their conduct would violate the plaintiffs rights.

(C) In that the defendant officers negligently inflicted physical and emotional harm and distress upon the plaintiff, in that they should have realized that their conduct involved unreasonable risk of causing serious distress, both physically and emotionally.

(D) In that one or more of the defendants even if not actively involved in the physical assault, allowed the incident to occur without taking due care to prevent or stop the assault.

(E) In that one or more of the defendants continued to use excessive force violently choking, punching and tasing the plaintiff, while the plaintiff was on the ground and not resisting the officers.

Continue

(F) In that the defendant officers intentionally inflicted physical and emotional distress upon the plaintiff in that (1) they intended to inflict physical and emotional distress, upon the plaintiff or they knew or should have known, that physical and emotional distress was the likely result of their conduct. (2) that their conduct was extreme and outrageous. (3) That their conduct was the cause of the plaintiffs physical and emotional distress (4) that the physical and emotional distress sustained by the plaintiff was severe.

(G) In that as a direct and proximate result of the defendants conduct the plaintiff suffered severe physical and emotional injuries

(H) In that the defendants actions were willful and wanton and knowingly deliberately indifferent to the plaintiffs Constitutional and State Law Rights.

continue

## Third Count

Defendants: John Doe(s) Fourth Amendment of the United States Constitution
(Supervisory Liability)

The allegations contained in paragraphs 1 through 37 of the preliminary statement are hereby incorporated and realleged as if fully restated herein as paragraphs 1 through 37 of the third Count

40. The defendants violated the plaintiffs Fourth Amendment to the United States Constitution and his Connecticut State Law Rights and State Law Constitution in one or more of the following ways:

(A) In that the defendants are liable for the training and seeing that the officers under their supervistion are properly trained and qualified to perform their duties, and to provide additional or specialized training when needed.

(B) In that the defendants acts and omissions clearly established their deliberate indiffrence to the plaintiffs United States and Connecticut Constitutional Rights. (Officer Vasquez stated April 20th, 2010 in Bridgport Superior Court, that he learned at the academy, to punch people in the face, when theyre resisting. He also stated about "17" seconds into incident (video) that his Sergeant, Sergeant Granello was on the scene.)

(C) In that as a direct and proximate result of the defendants conduct acts and failures and refusal to act the plaintiff suffered severe physical and emotional injuries

Fourth Count

Defendants: Officer Vasquez, Officer Doda, Officer Csech, Officer Larreguie, Raymond Wamhier and Robert Calzone
(42 U.S.C. 1983 1985 and 1986)
(Conspiracy)

The allegations contained in paragraph 1 through 37 of this preliminary statement are hereby reincorporated and realleged as if fully restated herein as paragraphs 1 through 37 of the First Count

41. The defendants violated the plaintiffs 4th and 14th Amendments of the United States Constitution and Connecticut State Law rights, in one or more of the following ways:

(A) In that the defendants Officers and E.M.T.s were negligent in conducting themselves in that they should have been aware of a substantial and unjustifiable risk that their conduct would violate the plaintiff's rights

Continue

(B) In that the defendants Officers and E.M.Ts were reckless in conducting themselves in that they consciously disregarded a substantial and unjustifiable risk that their conduct of hiding who removed the taser prongs at the scene, would violate the plaintiffs rights (Officer Doda & E.M.Ts)

(C) In that one or more of the defendants even if not actively involved in the removal of the prongs allowed the incident to occur, without taking due care to prevent or stop the removal of the taser prongs. (Officer Doda & E.M.Ts)

(D) In that the defendants acts and omissions of falsifying when the prongs were removed by a report, clearly established their (Raymond Wambier and Robert Calzone, deliberate indifference to the plaintiffs rights

(E) In that the defendants, Officers Vasquez Larregui, & Csech were negligent in conducting themselves in that their conduct to hide how many times the plaintiff was tasered by reports, should have been aware of a substantial and unjustifiable risk that their conduct would violate the plaintiffs rights

continue

(F) In that one or more of the defendants Officers Larregui Csech and Vasquez even not actively involved in the omissions of writing a report, of how many times the plaintiff was "tasered," allowed the incident to occur without taking due care to prevent or stop the falsifying of reports, which violated the plaintiffs rights. (All officers & Sergeant)

# PRAYER FOR RELIEF

42. Wherefore the plaintiff respectfully prays that this Court enter judgment granting the plaintiff the following:

A declaratory that the defendants acts and omissions previously stated in this complaint violated the plaintiffs rights.

A jury trial on all issues and courts in the complaint.

Compensatory and punitive damages against each defendant jointly and severally and on each count in the complaint.

Plaintiffs cost and legal fees and expenses. Any additional relief this court deems just and proper under the equitable powers of this Court.

continue other...

# DECLARATION

43. I declare under penalty of perjury that the foregoing is true and correct and that all matters alleged on information and belief and as to those I believe them to be true and correct.

Dated and Signed on: 2/2/12 Lorenzo Osborne
2012 at Macdougall Corr. Inst.
Suffield, CT

By: Lorenzo Osborne
LORENZO OSBORNE
Plaintiff Pro-Se
Macdougall Walker C.I.
1153 East Street South
Suffield, CT 06080