UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORENZO OSBORNE, | : | |
| Plaintiff, | : | PRISONER CASE NO. |
| | : | 3:12-cv-213 (JCH) |
| v. | : | |
| | : | |
| CARLOS VASQUEZ, et al., | : | AUGUST 21, 2012 |
| Defendants. | : | |

RULING ON PLAINTIFF'S MOTIONS FOR APPOINTMENT
OF COUNSEL (Doc. No. 23) AND JUDICIAL NOTICE (Doc. No. 26)

The plaintiff first renews his request for appointment of pro bono counsel. When deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). In Cooper v. Sargenti, 877 F. 2d 170 (2d Cir. 1989), the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." Id. at 173-74. The court explained that, "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171.

The current record consists only of the Complaint and Answer. At this time, the court cannot conclude that the Complaint passes the test of likely merit. Accordingly, the plaintiff's Motion (**Doc. No. 23**) is **DENIED** without prejudice. The plaintiff may file another motion for appointment at a later stage of litigation.

The plaintiff also has filed a Motion in which he asks the court to note that the defendants failed to file an answer. Counsel has appeared for all defendants and the

Answer was filed the same day the court received the plaintiff's Motion.  Accordingly, the Motion (Doc. No. 26) is **DENIED** as moot.

**SO ORDERED.**

Dated this 21st day of August 2012, at Bridgeport, Connecticut.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge