UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LORENZO OSBORNE,                    :
            Plaintiff,              :
                                   :        CIVIL CASE NO.
      v.                            :        3:12-cv-213 (JCH)
                                   :
CARLOS VASQUEZ, et al.,             :        MARCH 8, 2013
            Defendants.            :

RULING ON PLAINTIFF'S MOTIONS TO COMPEL [Doc. Nos. 52, 53],
DEFENDANTS' MOTIONS TO COMPEL [Doc. Nos. 48, 49] and
PLAINTIFF'S MOTION TO SUPPRESS [Doc. No. 55]

The plaintiff has filed two Motions to Compel production of documents.  The

defendants have filed Motions to Compel the plaintiff to provide medical releases to

enable them to obtain copies of his medical records.  In response to the defendants'

Motions, the plaintiff has filed a Motion to Suppress all information obtained during the

deposition.

I.      Plaintiff's Motions to Compel

In his first Motion to Compel, the plaintiff seeks more information that was

provided in response to his request for production of documents.  In his second Motion,

he seeks responses to interrogatories.

Motions to compel are governed by Rule 37 of the Federal Rules of Civil

Procedure and District of Connecticut Local Civil Rule 37.  The local rule requires that,

before filing a motion to compel, the moving party must confer with opposing counsel in

a good faith effort to resolve the dispute.  The purpose of this Rule is to encourage the

parties to resolve discovery disputes without court intervention.  See Hanton v. Price,

No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006).  If discussions

are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain.  In addition, Local Rule 37(b)1 requires that copies of the discovery requests must be included as exhibits.

Regarding the first Motion to Compel, the plaintiff states that he wrote a letter to defendants' counsel on December 18, 2012, and spoke with counsel regarding the discovery requests on December 28, 2012.  Thus, the plaintiff appears to have satisfied the good faith requirement.

The plaintiff's first production request seeks thirteen items.  In the first three requests, the plaintiff seeks copies of the policies for use of force, use of lethal force, and use of less than lethal force along with any document prepared pursuant to those policies regarding the August 29, 2009 incident.  The defendants responded that, if any reports are available, they would be provided immediately upon receipt by the office of the city attorney.  In their objection to the Motion to Compel, the defendants state that the use of force reports cannot be found.  They opine that the reports may have been lost during the plaintiff's criminal trial.  The court cannot force the defendants to provide items that cannot be located.  The court notes that the defendants list various other reports relating to the incident that have been provided.  The Motion to Compel is denied as to the first, second and third production requests.  The plaintiff may, however, request a missing evidence charge should this case proceed to trial or raise the issue in opposition to a motion for summary judgment.

The plaintiff states the he received the material he sought in the fourth production request.  In the fifth request, he seeks a copy of the video recorded by the

2

taser gun and a transcript of the video incident.  The defendants have provided the video recording and indicate that there is no transcript.  Although the plaintiff believes that a transcript exists, the defendants state that it does not.  The Motion to Compel is denied as to the fourth and fifth production requests.

In the sixth, eighth and ninth production requests, the plaintiff seeks copies of dispatch records and transcripts, the video recording of the booking area while the plaintiff was there and his prisoner currency receipt form.  The defendants state that these items are unavailable.  Counsel stated that he was attempting to locate the items and would provide them if found.  In their objection to the Motion to Compel the defendants state that the video and dispatch tapes were not preserved.  The court cannot order the defendants to produce items that have been lost.  Thus, the plaintiff's Motion to Compel is denied as to the sixth, eighth and ninth production requests. Again, the plaintiff may request a missing evidence charge should this case proceed to trial or raise the issue in opposition to a motion for summary judgment.

In the seventh production request, the plaintiff seeks any documents relating to a defense of qualified immunity.  The defendants objected to this request only on the ground that some documents may be protected by attorney work product.  They do not indicate whether they responded regarding any non-privileged documents.  The plaintiff argues, that any claim of privilege must comply with Rule 26(b)(5), of the Federal Rules of Civil Procedure.  Here, the defendants have not described any documents for which they claim a privilege in a manner that does not reveal privileged information but enables an assessment of the claim.  The Motion to Compel is granted to the extent that the defendants are directed to provide any non-privileged documents relating to the

3

defense of qualified immunity and comply with Rule 26(b)(5) with regard to documents withheld.

In the tenth and eleventh production requests, the plaintiff seeks a photograph and legible signature of the officer who signed the prisoner currency receipt. The defendants state that the officer is not a party to this case and that the information sought is confidential. The plaintiff contends that, if he can identify the officer, he may be able to solicit relevant information from him. The Motion to Compel production of these items is denied. The court cannot discern how these items will lead to the discovery of admissible evidence. The plaintiff can obtain the name of the officer and seek information from him without a copy of his signature or photograph.

In the twelfth production request, the plaintiff seeks a broad range of documents relating to the taser used on August 28, 2009. The defendants object on the ground that the request is vague, overbroad, not restricted as to time and seeks confidential and privileged information. They do not address this request in their objection to the Motion to Compel.

In the Motion to Compel, the plaintiff states that he has heard that the Bridgeport Police Department changed the type of taser it uses. The plaintiff does not indicate whether the purported change was made before or after August 2009. Determining when, if at all, a change was made and, if the type of taser was changed after the incident, why, is better ascertained through interrogatories with a request for supporting documentation. The court agrees that the request as posed is overbroad. To the extent that the defendants object on the ground of privilege, they have not met the requirements of Rule 26(b)(5). The Motion to Compel is denied without prejudice as to

4

the twelfth production request.  The plaintiff may serve an interrogatory upon defendants seeking this information.

In the final production request, the plaintiff seeks a broad range of documents relating to any complaints made against any of the defendants.  The defendants objected to this requests as overbroad.  The defendants also argue that the Second Circuit has stated that prior use of excessive force by a police officer is typically irrelevant to the determination whether the officer's use of force was excessive on one particular occasion and refer the court to Crenshaw v. Herbert, 409 F. App'x 428, 430 (2d Cir. 2011).  In denying a motion to compel production of the officer's personnel file, the district court in Crenshaw had relied on defense counsel's affirmation that the file contained no relevant disciplinary records, the officer had stated that he had never been disciplined for use of excessive force, and the plaintiff provided no contrary evidence.  Thus, the court concluded that production of the entire personnel file was not warranted.

This court agrees that discovery of information regarding any and all complaints against the defendants is not warranted.  See Dickinson v. Mesham, No. 3:05-CV-1093(WWE), 2006 WL 1600961, at *1 (D. Conn. June 5, 2006) (holding that where claim is use of excessive force during one particular incident, details of possible prior, unrelated matters are not relevant).  However, the plaintiff has named the police officers in their individual and official capacities.  A claim against a police officer in his official capacity, in essence, is a suit against the city for which he works.  See Brandon v. Holt, 469 U.S. 464, (1985) (noting that suit against municipal official in his official capacity was a suit against the municipality because liability for any judgment would rest with the

5

municipality).  To establish liability of the defendant police officers in their official

capacities, the plaintiff must show that "'the action that is alleged to be unconstitutional

implements or executes a policy statement, ordinance, regulation, or decision officially

adopted and promulgated by that body's officers' or is conducted 'pursuant to

governmental "custom" even though such a custom has not received formal approval

through the body's official decisionmaking channels.'"  Anthony v. City of New York, 339

F.3d 129, 139 (2d Cir. 2003) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658,

690-91(1978)).  Evidence of prior complaints against the defendant police officers for

use of excessive force would be relevant to establishing such a policy or custom.

Although the court does not agree with the defendants' contention that no

documents should be produced, the request in its current form is overbroad.  The

request is not restricted by date or type of complaint.  To comply with the request in its

present form would require the defendants to provide many confidential items that are

not relevant to this case.  The Motion to Compel production of all documents requests

in item thirteen is denied without prejudice.  The plaintiff may submit interrogatories to

the defendants inquiring about relevant prior discipline or complaints and request

production of relevant documents.

The second Motion to Compel is directed to interrogatories served by the

plaintiff.  Interrogatories are questions posed to specific defendants.  The defendant to

whom the interrogatories are addressed must answer or object to each question and

sign the response.  See Fed. R. Civ. P. 33(b).  The purported interrogatories at issue in

the second Motion to Compel are not questions and are not directed to a specific

defendant.  Rather they primarily seek production of documents.  The defendants

6

appear to have treated the request as a production request and have responded to some items while objecting to others.

The plaintiff states that he wrote to defendants' counsel regarding the interrogatories.  He did not personally address the interrogatories when he spoke with defendants' counsel on December 28, 2012.  Many of the defendants' objections indicate that the requests are vague and overbroad.  Absent a copy of the letter or any indication that the parties discussed the defendants' objections, the court cannot ascertain whether the plaintiff made a good faith effort to clarify or refine his requests in response to the objections.

For example, in interrogatories 7-25, the plaintiff lists eighteen sections of the Bridgeport Police Department Policy and Procedure Manual and asks the defendants to identify all documents relating to the defendants.  The defendants indicate that the requests are vague and confusing.  The court agrees.  The defendants indicate that they previously provided copies of some of the policies as well as reports and affidavits relating to the incident underlying this action.  The court cannot discern the relevance of many of the sections to the plaintiff's claims and cannot determine what types of documents the plaintiff seeks.  The plaintiff's second Motion to Compel interrogatory responses is denied without prejudice.

II.    Defendants' Motions to Compel

Defendants' counsel entered two Motions to Compel on the docket.  Review of the documents indicates that each is captioned a memorandum.  Although referenced, no Motion to Compel has been filed.  The Memoranda are identical with the second, including exhibits.  In the Memoranda, the defendants ask the court to order the plaintiff

to provide signed releases to enable them to obtain copies of his medical records.

As explained above, before filing a motion to compel, the party is required to attempt to resolve the matter in good faith.  The exhibits attached to the second motion document the defendants' need for access to the plaintiff's medical records and show that, during his deposition, he agreed to provide releases.  The defendants fail to provide any evidence demonstrating that, when the releases were not provided, counsel contacted the plaintiff to attempt to resolve the matter before seeking the court's intervention.  The defendants' Motions to Compel are denied without prejudice for failure to comply with local court rules.

III.   Plaintiffs' Motion to Suppress Information from Deposition

The plaintiff asks the court to suppress all information obtained at his deposition because the defendants failed to obtain leave of court to conduct the deposition.

Rule 30(a)(2)(B), Fed. R. Civ. P., provides: "A party must obtain leave of court ... if the deponent is confined in prison."  A review of the record reveals no motion for leave to depose the plaintiff.  Although the defendants failed to comply with court rules, suppression of any evidence obtained at the deposition is not required.  Courts considering this issue have held that, where the prisoner was a party to the action and made no showing of any real injury caused by the failure to obtain leave of court, suppression was not required.  See Kendrick v. Schnorbus, 655 F.2d 727, 729 (6th Cir. 1981) (noting that, as prisoner chose to initiate action, there was minimal chance he would be unfairly surprised by request for his deposition); Subil v. U.S. Marshal, No. 2:04-CV-0257-PS, 2008 WL 4372404, at *1 (N.D. Ind. Sept. 19, 2008) (denying motion to suppress because prisoner was party to action and made no showing of injury).  The

8

plaintiff's Motion to Suppress is denied.

IV.    Conclusion

The plaintiff's first Motion to Compel [**Doc. No. 52**] is **GRANTED** in part.  The

defendants are directed to respond in accordance with this Order.  The plaintiff's

second Motion to Compel [**Doc. No. 53**] is **DENIED**.  The defendants' Motions to

Compel [**Doc. Nos. 48, 49**] are **DENIED** without prejudice.  The plaintiff's Motion to

Suppress information from the deposition [**Doc. No. 55**] is **DENIED**.

Any discovery or motion contemplated by this Ruling must be served/docketed

no later than March 22, 2013.

**SO ORDERED**.

Dated this 8th day of March 2013, at New Haven, Connecticut.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge